# EXHIBIT A

ELECTRONICALLY FILED - 2022 Aug 29 9:16 AM - RICHLAND - COMMON PLEAS - CASE#2022CP4004442

| STATE OF SOUTH CAROLINA<br>COUNTY OF RICHLAND | IN THE COURT OF COMMON PLEAS<br>FIFTH JUDICIAL CIRCUIT |
|---|---|
| Jessica Fulmore,<br><br>Plaintiff,<br>vs.<br><br>Sunbeam Products, Inc., d/b/a Jarden Consumers Solutions; Newell Brands, Inc.; XYZ Corporation<br><br>Defendants. | Civil Action No.: 2022-CP-40-____<br><br>**SUMMONS**<br>(*Jury Trial Demanded*) |

**TO: THE ABOVE-NAMED DEFENDANTS AND THEIR ATTORNEYS:**

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your Answer to said Complaint on the subscribed, the HHP Law Group, LLC, located at 924 Gervais Street, Columbia, South Carolina, 29201, within thirty (30) days after the service hereof, exclusive of the date of such service. If you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

Respectfully submitted,

s/ *William R. Padget*
William R. Padget (SC # 72579)
Christina M. Brown (SC #104085)
HHP LAW GROUP, LLC
924 Gervais Street
Columbia, SC 29201
Tel: 803-400-8277 (office)
Email: bill@hhplawgroup.com
Email: christina@hhplawgroup.com
*Attorneys for the Plaintiff*

August 29, 2022
Columbia, South Carolina

ELECTRONICALLY FILED - 2022 Aug 29 9:16 AM - RICHLAND - COMMON PLEAS - CASE#2022CP4004442

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF RICHLAND | ) | IN THE COURT OF COMMON PLEAS<br>FIFTH JUDICIAL CIRCUIT |
| Jessica Fulmore,<br><br>Plaintiff,<br>vs. | ) | Civil Action No.: 2022-CP-40-____ |
| Sunbeam Products, Inc., d/b/a Jarden Consumers Solutions; Newell Brands, Inc.; XYZ Corporation<br><br>Defendants. | ) | **COMPLAINT**<br>(*Jury Trial Demanded*) |

Plaintiff Jessica Fulmore, by and through her undersigned counsel, complaining of Defendants, respectfully alleges as follows:

## PARTIES AND JURISDICTION

1. Plaintiff Jessica Fulmore (hereinafter "Plaintiff") brings this action as a result of the injuries she sustained from September 8, 2019, to the present, following the explosion of a defective Crock Pot Multi-Cooker designed and manufactured by Defendants Sunbeam Products, Inc., d/b/a Jarden Consumers Solutions, and Newell Brands, Inc.

2. Plaintiff is a citizen and resident of Richland County, South Carolina.

3. Defendant Sunbeam Products, Inc d/b/a Jarden Consumer Solutions (hereinafter "Sunbeam") is a Florida corporation and a subsidiary of Defendant Newell Brands, Inc., ("Newell") both of whom do business in South Carolina and purposefully direct its products into South Carolina. Upon information and belief, and at all times pertinent hereto, Defendants were engaged in and responsible for the design, manufacture, production, testing, study, inspection, labeling, marketing, advertising, sales, promotion, and/or distribution of the Crock Pot 6-Quart Express Crock Multi-Cooker ("Multi-Cooker").

ELECTRONICALLY FILED - 2022 Aug 29 9:16 AM - RICHLAND - COMMON PLEAS - CASE#2022CP4004442

4. Defendant XYZ Corporation is, upon information and belief, known by Defendants Sunbeam and Newell, as the retailer and/or distributor of Multi-Cooker at issue in this case, model number SCCPPC600-V1.

5. This Court has personal jurisdiction over Defendants pursuant to S.C. Code Ann. § 36-2-803(a)(1)(4) as Defendants has such sufficient contacts with South Carolina and litigation in this forum does not offend the traditional notions of fair play and substantial justice.

6. Venue is proper under S.C. Code Ann. § 15-7-30, in that Plaintiff is located in this state and district and a substantial part of the acts and/or omissions giving rise to Plaintiff's claim occurred in Richland County, South Carolina.

**FACTUAL ALLEGATIONS**

7. Plaintiff purchased the Multi-Cooker in the spring of 2019 from XYZ Corporation, a retailer and/or distributor of Sunbeam products. The model number of the Multi-Cooker is SCCPPC600-V1.

8. On September 8, 2019, Plaintiff used the Multi-Cooker for the first time to make beef stew. Plaintiff followed the instructions and recipe provided with the Multi-Cooker and at all times used the Multi-Cooker in an appropriate and proper manner.

9. Unbeknown to Plaintiff, the Multi-cooker lid was not properly functioning, the lid exploded off the Muti-Cooker, spewing boiling liquid and ingredients all over Plaintiff, causing severe burns to her arms, legs, stomach, and breasts resulting in significant care and treatment.

10. Upon information and belief, the explosion was a result of a defective design and/or manufacturing of the Multi-Cooker.

ELECTRONICALLY FILED - 2022 Aug 29 9:16 AM - RICHLAND - COMMON PLEAS - CASE#2022CP4004442

11. Upon information and belief, in undertaking to design and manufacture its products for residential/consumer use, Defendants undertook to perform those tasks with due care and in accordance with the prevailing standards in the industry.

12. Upon information and belief, Defendants, in designing and manufacturing its products for residential use, had a duty to warn its distributers and end users of the risks of potential design and manufacturing defects, including the risk of explosion.

13. Defendant, including Sunbeam Products, Inc. labeled and marked their new Multi-Cooker as "TRUSTED," proclaiming "the Crock Pot brand is a leader in one-pot cooking" and "features a locking, air-tight lid that stays sealed under pressure for total peace-of-mind."

14. Despite Defendants' claims of a safe and trusted product, Defendants instead designed, manufactured, marketed, and sold online and through third-party retailers a Multi-Cooker that suffers from serious and dangerous design and manufacturing defects.

15. Specifically, during ordinary and routine operation, the Multi-Cooker generates extreme heat and steam. When the defect manifests itself, however, the built-up pressure and steam trapped inside the Multi-Cooker causes its scalding hot contents to burst and erupt from the appliance when the Multi-Cooker is partially depressurized, resulting in significant and painful personal injury to the consumer.

16. Upon information and belief, on November 24, 2020, Defendants issued a recall on Multi-Cookers with the same model number as the Multi-Cooker purchased and used by Plaintiff.

17. Upon information and belief, Defendants also redesigned the Multi-Cooker lid and developed more explicit instructions to warn potential users.

ELECTRONICALLY FILED - 2022 Aug 29 9:16 AM - RICHLAND - COMMON PLEAS - CASE#2022CP4004442

18. At all relevant times, Defendants knew or should have known of the defect but nevertheless sold the Multi-Cooker to Plaintiff, failed to warn Plaintiff of the serious safety risk posed by the defect, and instead represented safety features would prevent the defect from manifesting, and failed to adequately recall the dangerously defective Multi-Cooker despite the risk of significant injuries to consumers as well as the failure of the product.

19. Upon information and belief, other consumers reported similar horrific experiences as Plaintiff to Defendants prior to Plaintiff's incident. However, Defendants still allowed the defective Multi-Cooker to exist and failed to issue any timely warnings.

20. The Multi-Cooker was defective and unreasonably dangerous to Plaintiff and general members of the public, as it had a proclivity to explode, and at the time the Multi-Cooker was manufactured, a more reasonable alternative design existed.

21. As a result of Defendants' acts and omissions, Plaintiff suffered and will continue to suffer direct and consequential damages in an amount to be proven at trial, including the following:

(a) severe physical pain;

(b) substantial and permanent injuries and scarring to Jessica's arms, legs, stomach, and breasts;

(c) substantial mental pain and suffering stemming from injuries to Jessica's arms, legs, stomach, and breasts;

(d) extensive medical bills for Jessica's reasonable and necessary treatment;

(e) loss of enjoyment of life and mental anguish; and,

(f) any other damages as may be revealed through discovery and/or trial.

22. As a direct and proximate result of Defendants' negligent, grossly negligent, reckless, willful, and wanton misconduct, as set forth above, Plaintiff has suffered actual and

ELECTRONICALLY FILED - 2022 Aug 29 9:16 AM - RICHLAND - COMMON PLEAS - CASE#2022CP4004442

consequential damages, and is entitled to such damages, in addition to punitive damages, as may be proven at trial.

23. Pursuant to S.C. Code Ann. § 36-2-318, a seller's express and implied warranties extend to any natural person expected to use the product and whose person or property is damaged by the breach of the warranties. Therefore, Defendants are liable for the damage caused to Plaintiff's home as a result of this occurrence.

24. Defendants' conduct is *negligence per se*, as the allegations in this Complaint show that Defendants breached the statutory duties required by S.C. Code Ann. §§§§ 36-2-213, 36-2-314, 36-2-315, and 39-5-10 *et seq*., which caused Plaintiff the type of harm that the statutes intended to prevent.

**FOR A FIRST CAUSE OF ACTION**
(Strict Liability – Design Defect)

25. Plaintiff repeats and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

26. At all times relevant to this action, Defendants engaged in the business of manufacturing, selling, and supplying Multi-Cookers to distributors and/or consumers.

27. Defendants manufactured, sold, and supplied Multi-Cookers and had significant involvement in distribution including the capability of exercising control over quality.

28. Defendants placed these Multi-Cookers into the stream of commerce and Multi-Cookers were expected to, and did, reach Plaintiff without substantial change in its condition. Plaintiff used the Multi-Cooker properly, but the Multi-Cooker lid detached and exploded, causing Plaintiff's severe injuries.

29. Plaintiff used the Multi-Cooker that caused her injuries in the way that Defendants intended Multi-Cookers to be used.

ELECTRONICALLY FILED - 2022 Aug 29 9:16 AM - RICHLAND - COMMON PLEAS - CASE#2022CP4004442

30. The Multi-Cooker that Plaintiff used, and that caused her injuries, did not perform as safely as an ordinary consumer would have expected it to perform when used or misused in an intended or reasonably foreseeable way.

31. At the time the Multi-Cooker used by Plaintiff left Defendants' control, it was in a condition not contemplated by her and was unreasonably dangerous and defective. The Multi-Cooker was at the time of Plaintiff's use – and remains to this day – dangerous to an extent beyond that which would be contemplated by the ordinary consumer.

32. The Multi-Cooker failed to perform as intended and the circumstances surrounding Plaintiff's injuries exclude all causes other than the Multi-Cooker's failure.

33. The risks associated with using the Multi-Cooker outweigh any claimed or perceived benefits. There are practicable, feasible, and safer alternatives to the Multi-Cooker design that do not present the severe health risks that accompany Defendants' Multi-Cooker as originally designed and manufactured.

34. The failure of the Multi-Cooker product to perform safely was a substantial factor in causing Plaintiff's severe burns and other injuries.

35. A reasonable person who knew or should have known of the Multi-Cooker's potential for causing injury and of the feasible alternative design would have demonstrated that Multi-Cookers should not have been designed, marketed, manufactured, and distributed in that condition.

36. As a direct and proximate result of Defendants' design, manufacture, marketing, and/or sale of Multi-Cookers, Plaintiff suffered the injuries herein described.

ELECTRONICALLY FILED - 2022 Aug 29 9:16 AM - RICHLAND - COMMON PLEAS - CASE#2022CP4004442

37. As a direct and proximate result of Defendants' design, manufacture, marketing, and/or sale of Multi-Cookers, Plaintiff has incurred and will continue to incur reasonable and necessary medical expenses.

38. As a direct and proximate result of Defendants' design, manufacture, marketing, and/or sale of Multi-Cooker, Plaintiff suffered and continues to suffer serious and permanent physical injury, harm, damages, and economic loss.

**FOR A SECOND CAUSE OF ACTION**
(Negligence/Gross Negligence/Recklessness/Negligence *Per Se* – Design Defect)

39. Plaintiff repeats and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

40. Defendants owed a duty to Plaintiff and all persons using Multi-Cookers to exercise reasonable care in the design, formulation, testing, manufacture, labeling, marketing, distribution, promotion, and/or sale of Multi-Cookers. This duty required Defendants to ensure that its product did not pose an unreasonable risk of bodily harm to Plaintiff and all other consumers, and similarly required Defendants to warn of side effects, risks, dangers, and potential for explosion associated with insecure lids.

41. Defendants failed to exercise reasonable care in the design, formulation, testing, manufacturing, labeling, marketing, distribution, promotion, and/or sale of Multi-Cookers in that Defendant knew or should have known that Multi-Cookers could cause significant bodily harm, including severe burns, and was not safe for anyone to use the product.

42. Defendants was negligent in the design, formulation, testing, manufacturing, labeling, marketing, distribution, promotion, and/or sale of Multi-Cookers and breached its duties to Plaintiff. Specifically, Defendants: (a) failed to use due care in the preparation and design of Multi-Cookers to prevent the risk of explosion; (b) failed to conduct adequate testing

ELECTRONICALLY FILED - 2022 Aug 29 9:16 AM - RICHLAND - COMMON PLEAS - CASE#2022CP4004442

of Multi-Cookers; (c) failed to cease manufacturing or otherwise alter the design of Multi-Cookers within a reasonable time to produce a safer alternative, despite the fact that Defendants knew or should have known that Multi-Cookers posed a serious risk of bodily harm to consumers; (d) failed to conduct post-marketing surveillance to determine the safety of Multi-Cookers; (e) failed to exercise reasonable care with respect to post-sale warnings and instructions for safe use of Multi-Cookers by consumers; (f) failed to exercise ordinary care in the labeling of Multi-Cookers; and (g) was otherwise careless and negligent in any manner as discovery may reveal and may be proven at trial.

43. At all relevant times, it was foreseeable to Defendants that consumers, like Plaintiff, would suffer injury as a result of Defendants' failure to exercise ordinary care.

44. As a direct and proximate result of Defendant's negligence, Plaintiff suffered the injuries herein described.

45. As a direct and proximate result of Defendants' negligence, Plaintiff incurred and continues to incur reasonable and necessary medical expenses.

46. As a direct and proximate result of Defendants' negligence, Plaintiff suffered and continues to suffer serious and permanent physical injury, harm, damages, and economic loss.

**FOR A THIRD CAUSE OF ACTION**
(Strict Liability – Failure to Warn)

47. Plaintiff repeats and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

48. Prior to Plaintiff's use of the Multi-Cookers, Defendants designed, manufactured, marketed, distributed and/or sold Multi-Cookers, and at all material times was in the business of doing so. Defendants placed Multi-Cookers (including the product at issue) into the stream of commerce, which were expected to, and did, reach Plaintiff without substantial change in their

ELECTRONICALLY FILED - 2022 Aug 29 9:16 AM - RICHLAND - COMMON PLEAS - CASE#2022CP4004442

condition. Plaintiff used a Multi-Cookers properly and it exploded, causing her severe physical and mental injuries.

49. The Multi-Cookers had potential risks and side effects that were known or knowable to Defendants using scientific knowledge available at and after the time of design, manufacture, marketing, distribution and/or sale of the Multi-Cooker used by Plaintiff. Defendants knew or should have known of the defective condition, characteristics, and risks associated with the Multi-Cookers, as previously set forth herein.

50. The potential risks and side effects associated with Multi-Cookers presented, and continue to present, a substantial danger when the Multi-Cookers are used or misused in an intended or reasonably foreseeable way.

51. Ordinary consumers would not have recognized the potential risks and side effects associated with using a Multi-Cookers.

52. When placing Multi-Cookers into the stream of commerce, Defendants failed to provide adequate warnings as to the risks associated with the product. Defendants failed to warn consumers of the true risks and dangers of the Multi-Cooker that Plaintiff used, such as significantly increased risks of severe burns following explosion or insecure lids.

53. As detailed herein, Defendants failed to adequately warn and instruct of the potential risks and side effects associated with using a Multi-Cookers. Examples of the inadequacies of Defendants' warnings include, but are not limited to, the following: (a) the warnings were insufficient to alert Plaintiff of the significant risk, scope, duration and severity of adverse events and/or reactions associated with Multi-Cookers, subjecting her to risks that far exceeded the benefits of Multi-Cookers; (b) Defendants marketed and sold Multi-Cookers using

ELECTRONICALLY FILED - 2022 Aug 29 9:16 AM - RICHLAND - COMMON PLEAS - CASE#2022CP4004442

misleading advertisement; and (c) Defendants failed to disclose the increased risks of severe burns following explosion or insecure lids, associated with the use of Multi-Cookers.

54. The lack of sufficient instructions or warnings was a substantial factor in causing Plaintiff's conscious pain and suffering.

55. As a direct and proximate result of Defendants' failure to provide adequate warnings in connection with its design, manufacture, marketing, distribution, and/or sale of Multi-Cookers, Plaintiff suffered the injuries herein described.

56. As a direct and proximate result of Defendants' failure to provide adequate warnings in connection with its design, manufacture, marketing, distribution and/or sale of Multi-Cookers, Plaintiff incurred and continues to incur reasonable and necessary medical expenses.

57. As a direct and proximate result of Defendants' failure to provide adequate warnings in connection with its design, manufacture, marketing, distribution and/or sale of C Multi-Cookers, Plaintiff suffered and continues to suffer serious and permanent physical injury, harm, damages, and economic loss.

**FOR A FOURTH CAUSE OF ACTION**

(Negligence/Gross Negligence/Recklessness/Negligence *Per Se* – Failure to Warn)

58. Plaintiff repeats and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

59. Prior to, on, and after the date of Plaintiff's use of the Multi-Cooker, and at all relevant times, Defendants were engaged in the design, manufacture, production, testing, study, inspection, mixture, labeling, marketing, advertising, sales, promotion, and/or distribution of Multi-Cookers, which was intended for use by consumers like Plaintiff.

ELECTRONICALLY FILED - 2022 Aug 29 9:16 AM - RICHLAND - COMMON PLEAS - CASE#2022CP4004442

60. Prior to, on, and after the date of Plaintiff's use of the Multi-Cooker, Defendants knew or should have known that Multi-Cookers were dangerous or were likely to be dangerous when used in a reasonably foreseeable manner. Such dangers include, but are not limited to, significantly increased risks of severe burns following explosion or insecure lids.

61. Prior to, on, and after the date of Plaintiff's use of the Multi-Cooker, Defendants knew or should have known that persons using Multi-Cookers, including Plaintiff, would not realize the dangers presented by the product.

62. Prior to, on, and after the date of Plaintiff's use of the Multi-Cooker, Defendants failed to adequately warn of the dangers associated with using a Multi-Cooker and/or failed to adequately instruct consumers on the safe use of the product. Such failures to warn and/or instruct included but were not limited to: failing to issue adequate warnings to consumers concerning the risks of serious bodily harm associated with the use of Multi-Cookers, including increased risks of severe burns following explosion or insecure lids.

63. It was foreseeable to Defendants that consumers, including Plaintiff, would suffer injury as a result of its failure to exercise ordinary care in providing adequate warnings concerning the dangers associated with use of Multi-Cookers.

64. As a direct and proximate result of Defendants' negligence, Plaintiff suffered the injuries herein described.

65. As a direct and proximate result of Defendants' negligence, Plaintiff incurred and continues to incur reasonable and necessary medical expenses.

66. As a direct and proximate result of Defendants' negligence, Plaintiff suffered and continues to suffer serious and permanent physical injury, harm, damages, and economic loss.

**FOR A FIFTH CAUSE OF ACTION**

(Breach of Implied Warranty of Merchantability – S.C. Code Ann. § 36-2-314)

ELECTRONICALLY FILED - 2022 Aug 29 9:16 AM - RICHLAND - COMMON PLEAS - CASE#2022CP4004442

67. Plaintiff repeats and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

68. At all times relevant to this action, Defendants designed, manufactured, assembled, tested, inspected, distributed, marketed, advertised, labeled, packaged, and/or sold Multi-Cookers.

69. Defendants impliedly warranted that the Multi-Cookers was merchantable, fit for the ordinary purpose for which it was sold or used, was of fair average quality as to pass without objection in trade, and conformed to Defendants' own affirmations regarding the Multi-Cooker's safety features and overall safe condition.

70. Defendants breached their implied warranty of merchantability, as the product did not conform to Defendants' affirmations regarding the safety features and overall safe condition of the Multi-Cooker, the Multi-Cooker was not fit for the ordinary purpose for which it was sold or used, and/or was not of fair average quality so as to pass without objection in the trade.

71. As a direct and proximate result of Defendants' breach of the implied warranty of merchantability, Plaintiff suffered severely painful burns and other injuries to her body, and resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, lost wages, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

**FOR A SIXTH CAUSE OF ACTION**

(Breach of Implied Warranty of Fitness for a Particular Purpose – S.C. Code Ann. § 36-2-315)

72. Plaintiff repeats and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

ELECTRONICALLY FILED - 2022 Aug 29 9:16 AM - RICHLAND - COMMON PLEAS - CASE#2022CP4004442

73. At all times relevant to this action, Defendants designed, manufactured, assembled, tested, inspected, distributed, marketed, advertised, labeled, packaged, and/or sold Multi-Cookers.

74. In selling the Multi-Cooker to Plaintiff, Defendants, through its agents, servants, employees, and apparent agents, acting within the scope of their employment, authority, or apparent authority, made representations and promotions concerning the particular purpose to which Plaintiff would put the Multi-Cooker to use and knew or should have known of the particular purpose to which Plaintiff would put the product to use. Defendants impliedly warranted that the product would be fit for such particular purpose.

75. Defendants breached its implied warranty of fitness for a particular purpose, as the Multi-Cookers did not conform to Defendants' affirmations regarding its product being fit for such particular purpose. The Multi-Cookers malfunctioning safety features and overall unsafe condition rendered it unfit for that purpose.

76. As a direct and proximate result of Defendants' breach of the implied warranty of fitness for a particular purpose, Plaintiff suffered severely painful burns and other injuries to her body, and resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, lost wages, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

**FOR A SEVENTH CAUSE OF ACTION**
(Breach of Express Warranty)

77. Plaintiff repeats and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

ELECTRONICALLY FILED - 2022 Aug 29 9:16 AM - RICHLAND - COMMON PLEAS - CASE#2022CP4004442

78. Defendants designed, manufactured, assembled, distributed, inspected, tested, and/or sold the Multi-Cooker.

79. Defendants expressly warranted that the Multi-Cooker was safe for ordinary use when used in compliance with the instructions provided.

80. Defendants labeled and marked their new Multi-Cooker as "TRUSTED," proclaiming "the Crock Pot brand is a leader in one-pot cooking" and "features a locking, air-tight lid that stays sealed under pressure for total peace-of-mind." A screenshot of the Multi-Cooker's packing appears below:




81. Defendants' affirmations regarding the safety of its product formed a basis of the bargain for Plaintiff without which Plaintiff would not have purchased and/or used a Multi-Cooker.

82. Plaintiff detrimentally relied upon the material false and misleading representations of Defendants.

83. The Multi-Cooker did not conform to Defendants' affirmations regarding safety.

84. As a direct and proximate result of Defendants' breach of express warranties, Plaintiff suffered severely painful burns and other injuries to her body, and resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, lost wages, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

**<u>FOR AN EIGHTH CAUSE OF ACTION</u>**

ELECTRONICALLY FILED - 2022 Aug 29 9:16 AM - RICHLAND - COMMON PLEAS - CASE#2022CP4004442

(Violation of the South Carolina Unfair Trade Practices Act - S.C. Code Ann. §§ 39-5-10 *et seq*.)

85. Plaintiff repeats and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

86. At all times relevant to this action, Defendants designed, manufactured, assembled, tested, inspected, distributed, marketed, advertised, labeled, packaged, and/or sold Multi-Cookers, and employed unfair and deceptive trade practices in doing so.

87. Defendants' advertising, labeling, packaging, marketing, manufacturing, and distribution of Multi-Cookers constitutes conduct in trade or commerce.

88. Defendants employed unfair and deceptive trade practices in violation of the South Carolina Unfair Trade Practices Act (S.C. Code Ann. §§ 39-5-10 et seq.), including, but not limited to, in advertising, labeling, packaging, marketing, manufacturing, and distributing an unreasonably dangerous product (Multi-Cookers) and in failing to warn consumers, such as Plaintiff, of the defective and dangerous condition of Multi-Cookers.

89. Defendants' unfair and deceptive trade practices as described herein are willful, have an adverse effect on the public interest, and are capable of repetition.

90. As a direct and proximate cause of Defendants' violation of the South Carolina Unfair Trade Practices Act, Plaintiff has incurred, and continues to incur, reasonable and necessary medical expenses, and suffered, and continues to suffer, serious and permanent physical injury, harm, damages, and economic loss.

**INCORPORATED ALLEGATIONS IN SUPPORT OF PUNITIVE DAMAGES**

91. Plaintiff repeats and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

ELECTRONICALLY FILED - 2022 Aug 29 9:16 AM - RICHLAND - COMMON PLEAS - CASE#2022CP4004442

92. At all relevant times, Defendants knew that Multi-Cookers posed serious health risks to consumers associated with the use of Multi-Cookers. Indeed, Defendants has faced multiple personal injury and wrongful death litigations in the United States and Europe as a result of the injuries cause to consumers through the use of Defendants' product.

93. With such knowledge and in furtherance of its own financial interests, Defendants willfully, wantonly, and maliciously engaged in the design, manufacture, production, testing, study, inspection, labeling, marketing, advertising, sales, promotion, and/or distribution of Multi-Cookers while simultaneously failing to warn potential consumers of its dangerous propensities.

94. With such knowledge and in furtherance of its own financial interests, Defendants willfully, wantonly, and maliciously, and with conscious disregard for, and indifference to, the health and safety of consumers, including Plaintiff, failed and refused to supply adequate warnings and/or information to protect consumers and/or otherwise reduce or eliminate the health risks to consumers associated with the use of Multi-Cookers.

95. As a direct and proximate result of such conduct, and because the acts and omissions of Defendants were willful, wanton, malicious, intended and in conscious disregard for, and indifference to, the health and safety of potential consumers, like Plaintiff, an award of exemplary or punitive damages is appropriate and necessary to punish Defendants, and to deter Defendants from engaging in such misconduct in the future and to affect significant change in the way Defendants designs, manufactures, markets, promotes, warns about, distributes and/or sells its product, Multi-Cookers.

**WHEREFORE**, Plaintiff requests that the Court award:

(a) Actual and compensatory damages for each cause of action;

(b) Costs and reasonable attorney's fees incurred with this lawsuit with interests thereon; and

ELECTRONICALLY FILED - 2022 Aug 29 9:16 AM - RICHLAND - COMMON PLEAS - CASE#2022CP4004442

(c) Punitive damages in an amount to be determined by a jury; and

(d) Other damages and further relief as this Court deems just and proper.

Respectfully submitted,

_s/ William R. Padget_________________

August 29, 2022
Columbia, South Carolina

William R. Padget (SC # 72579)
Christina M. Brown (SC #104085)
HHP LAW GROUP, LLC
924 Gervais Street
Columbia, SC 29201
Tel: 803-400-8277 (office)
Email: bill@hhplawgroup.com
Email: christina@hhplawgroup.com

ELECTRONICALLY FILED - 2022 Sep 06 10:01 AM - RICHLAND - COMMON PLEAS - CASE#2022CP4004442

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF RICHLAND | ) | IN THE COURT OF COMMON PLEAS<br>FIFTH JUDICIAL CIRCUIT |
| Jessica Fulmore,<br><br>Plaintiff,<br><br>vs.<br><br>Sunbeam Products, Inc., d/b/a Jarden Consumers Solutions; Newell Brands, Inc.; XYZ Corporation,<br><br>Defendants. | ) | Civil Action No.: 2022-CP-40-04442<br><br>**AFFIDAVIT AND CERTIFICATE OF SERVICE VIA CERTIFIED MAIL** |

I, Kathy J. Thorner, hereby swear and/or affirm and state as follows:

I am an adult over the age of eighteen, of competent mind to provide this affidavit, am not an attorney or a party in this action and have personal knowledge of the matters stated herein. Pursuant to Rule 4, SCRCP, I served the ***Summons and Complaint*** in the above-named matter upon **Sunbeam Products, Inc., d/b/a Jarden Consumers Solutions**, by mailing the same by United States Certified Mail with restricted delivery and return receipt requested. Mailing was made on August 29, 2022, from the United States Post Office in Columbia, South Carolina. The envelope was addressed as follows:

Sunbeam Products
c/o Corporation Service Company
508 Meeting Street
West Columbia, SC 29169

Attached hereto is the United States Postal Service's tracking document and Certified Mail Receipt, which evidence delivery and that acceptance of service was signed by Brittany Ward on August 31, 2022.

Kathy J. Thorner
Kathy J. Thorner
HHP Law Group, LLC

Subscribed and sworn to before me
this 6th day of September 2022.

[signature]
Notary Public for the State of South Carolina
My commission expires: Dec. 19 2029

# USPS Tracking®

FAQs >

Track Another Package +

Tracking Number: 70212720000013076002

Remove X

Your item was delivered to an individual at the address at 3:25 pm on August 31, 2022 in WEST COLUMBIA, SC 29169.

USPS Tracking Plus® Available

## Delivered, Left with Individual

August 31, 2022 at 3:25 pm
WEST COLUMBIA, SC 29169

Get Updates

Text & Email Updates

Tracking History

USPS Tracking Plus®

Product Information

7021 2720 0000 1307 6002

**U.S. Postal Service™ CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*

OFFICIAL USE

Certified Mail Fee $

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $

Postage $

Total Postage and Fees $

Postmark Here
T&T 8/29

Sent To: Sunbeam c/o Corp. Serv. Co.
Street and Apt. No., or PO Box No.: 508 Meeting Street
City, State, ZIP+4: West Columbia SC 29169

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

* Must HAVE Signature *

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
Sunbeam Products
C/o Corporation Service Co.
508 Meeting Street
West Columbia, SC 29169



9590 9402 6983 1225 9393 91

2. Article Number (Transfer from service label)
7021 2720 0000 1307 6002

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature] ☑ Agent ☐ Addressee

B. Received by (Printed Name): Brittany Ward
C. Date of Delivery: 8/31/22

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery
estricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053 Domestic Return Receipt



ELECTRONICALLY FILED - 2022 Sep 06 10:01 AM - RICHLAND - COMMON PLEAS - CASE#2022CP4004432

ELECTRONICALLY FILED - 2022 Sep 06 10:03 AM - RICHLAND - COMMON PLEAS - CASE#2022CP4004442

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF RICHLAND | ) | IN THE COURT OF COMMON PLEAS<br>FIFTH JUDICIAL CIRCUIT |
| Jessica Fulmore,<br><br>Plaintiff,<br><br>vs.<br><br>Sunbeam Products, Inc., d/b/a Jarden Consumers Solutions; Newell Brands, Inc.; XYZ Corporation,<br><br>Defendants. | ) | Civil Action No.: 2022-CP-40-04442<br><br>**AFFIDAVIT AND CERTIFICATE OF SERVICE VIA CERTIFIED MAIL** |

I, Kathy J. Thorner, hereby swear and/or affirm and state as follows:

I am an adult over the age of eighteen, of competent mind to provide this affidavit, am not an attorney or a party in this action and have personal knowledge of the matters stated herein. Pursuant to Rule 4, SCRCP, I served the ***Summons and Complaint*** in the above-named matter upon **Sunbeam Products, Inc., d/b/a Jarden Consumers Solutions**, by mailing the same by United States Certified Mail with restricted delivery and return receipt requested. Mailing was made on August 29, 2022, from the United States Post Office in Columbia, South Carolina. The envelope was addressed as follows:

Sunbeam Products
c/o Corporation Service Company
508 Meeting Street
West Columbia, SC 29169

Attached hereto is the United States Postal Service's tracking document and Certified Mail Receipt, which evidence delivery and that acceptance of service was signed by Brittany Ward on August 31, 2022.

Kathy J. Thorner
Kathy J. Thorner
HHP Law Group, LLC

Subscribed and sworn to before me
this 6th day of September 2022.

[signature]
Notary Public for the State of South Carolina
My commission expires: Dec. 19 2029

ELECTRONICALLY FILED - 2022 Sep 06 10:03 AM - RICHLAND - COMMON PLEAS - CASE#2022CP4004482

# USPS Tracking®

FAQs >

Track Another Package +

Remove ×

**Tracking Number:** 70212720000013076002

Your item was delivered to an individual at the address at 3:25 pm on August 31, 2022 in WEST COLUMBIA, SC 29169.

**USPS Tracking Plus® Available**

## Delivered, Left with Individual

August 31, 2022 at 3:25 pm
WEST COLUMBIA, SC 29169

**Get Updates**

**Text & Email Updates**

**Tracking History**

**USPS Tracking Plus®**

**Product Information**

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®

OFFICIAL USE

7021 2720 0000 1307 6002

Certified Mail Fee
$
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$

Postmark Here
T.G.
8/29

Sent To
Sunbeam c/o Corp. Serv. Co.
Street and Apt. No., or PO Box No.
508 Meeting Street
City, State, ZIP+4®
West Columbia SC 29169

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

* Must Have Signature *

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
Sunbeam Products
C/o Corporation Service Co.
508 Meeting Street
West Columbia, SC 29169



9590 9402 6983 1225 9393 91

2. Article Number (Transfer from service label)
7021 2720 0000 1307 6002

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X [signature]
☒ Agent
☐ Addressee
B. Received by (Printed Name)
Brittany Ward
C. Date of Delivery
8/31/22
D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery
estricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053 Domestic Return Receipt

ELECTRONICALLY FILED - 2022 Sep 06 10:04 AM - RICHLAND - COMMON PLEAS - CASE#2022CP4004442

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF RICHLAND<br><br>Jessica Fulmore,<br><br>Plaintiff,<br><br>vs.<br><br>Sunbeam Products, Inc., d/b/a Jarden Consumers Solutions; Newell Brands, Inc.; XYZ Corporation,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | IN THE COURT OF COMMON PLEAS<br>FIFTH JUDICIAL CIRCUIT<br><br>Civil Action No.: 2022-CP-40-04442<br><br>**AFFIDAVIT AND CERTIFICATE OF SERVICE VIA CERTIFIED MAIL** |

I, Kathy J. Thorner, hereby swear and/or affirm and state as follows:

I am an adult over the age of eighteen, of competent mind to provide this affidavit, am not an attorney or a party in this action and have personal knowledge of the matters stated herein. Pursuant to Rule 4, SCRCP, I served the ***Summons and Complaint*** in the above-named matter upon **Newell Brands, Inc.**, by mailing the same by United States Certified Mail with restricted delivery and return receipt requested. Mailing was made on August 29, 2022, from the United States Post Office in Columbia, South Carolina. The envelope was addressed as follows:

Newell Brands, Inc.
c/o Corporation Service Company
508 Meeting Street
West Columbia, SC 29169

Attached hereto is the United States Postal Service's tracking document and Certified Mail Receipt, which evidence delivery and that acceptance of service was signed by Brittany Ward on August 31, 2022.

Kathy J. Thorner
Kathy J. Thorner
HHP Law Group, LLC

Subscribed and sworn to before me
this 6th day of September 2022.

Notary Public for the State of South Carolina
My commission expires: Dec. 19 2029

ELECTRONICALLY FILED - 2022 Sep 06 10:04 AM - RICHLAND - COMMON PLEAS - CASE#2022CP4004442

# USPS Tracking®

FAQs >

Track Another Package +

Remove ×

**Tracking Number:** 70212720000013076019

Your item was delivered to an individual at the address at 3:25 pm on August 31, 2022 in WEST COLUMBIA, SC 29169.

**USPS Tracking Plus® Available**

## Delivered, Left with Individual

August 31, 2022 at 3:25 pm
WEST COLUMBIA, SC 29169

**Get Updates**

**Text & Email Updates**

**Tracking History**

**USPS Tracking Plus®**

**Product Information**

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®

OFFICIAL USE

7021 2720 0000 1307 6019

Certified Mail Fee
$
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$

Postmark Here
TO
8/29

Sent To Newell Brands c/o Corp. Serv. Co.
Street and Apt. No., or PO Box No. 508 Meeting Street
City, State, ZIP+4® West Columbia, SC 29169

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

*Must Have Signature*

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Newell Brands, Inc.
c/o Corporation Service Co.
508 Meeting Street
West Columbia, SC 29169



9590 9402 6983 1225 9394 07

2. Article Number (Transfer from service label)
7021 2720 0000 1307 6019

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X [signature] ☒ Agent ☐ Addressee

B. Received by (Printed Name) Brittany Ward
C. Date of Delivery 8/31/22

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
tricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053 Domestic Return Receipt